IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ADRIAN MURPHY, *et al.*, | ) </br> ) </br> ) |
| Plaintiffs, | ) </br> )     1:22CV971 |
| v. | ) </br> ) |
| TITLEMAX OF VIRGINIA, *et al.*, | ) </br> ) |
| Defendants. | ) </br> ) </br> ) |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

    Adrian Murphy, *et al.* ("Plaintiffs") brought this action pursuant to the North Carolina Consumer Finance Act, the North Carolina Unfair and Deceptive Trade Practices Act, and North Carolina's usury statutes against TitleMax of Virginia, Inc., TitleMax of South Carolina, Inc., TMX Finance of Virginia, Inc., and TitleMax of Georgia, Inc. ("Defendants"). (*See* ECF No. 2 ¶¶ 2, 22, 28, 41.) Before the Court is Plaintiffs' Motion to Compel Arbitration and Stay Proceedings. (ECF No. 31.) For the reasons stated herein, Plaintiffs' motion will be granted.

**I.    BACKGROUND**

    Plaintiffs in this action are, or were, residents of North Carolina who allegedly entered into car title loan transactions with Defendants. (ECF No. 2 ¶ 1.) Plaintiffs allege that Defendants charged interest rates on their car title loans that exceed the rate allowed by the North Carolina Consumer Finance Act, N.C. GEN. STAT. §§ 24-1.1, 53-164 to 191. (*Id.* ¶¶ 22, 28.) Plaintiffs also allege that Defendants failure to disclose that the loan was unlawful

constitutes unfair and deceptive trade practices within the meaning of N.C. GEN. STAT. § 53-180(g) and N.C. GEN. STAT. § 75-1.1. (*Id.* ¶ 41.)

In their Complaint, Plaintiffs assert that "[t]he loan agreements contain at issue an arbitration provision which cover[s] all of the claims asserted herein. Each Plaintiff prays unto the Court for any order staying this matter and referring their matter to arbitration." (*Id.* ¶¶ 62–63.) On August 16, 2023, Plaintiffs filed the instant Motion to Compel Arbitrations and Stay Proceedings. (ECF No. 31.) On September 1, 2023, Defendants filed a Motion to Dismiss for lack of Personal Jurisdiction or in the Alternative to Transfer Venue. (ECF No. 36.) On September 6, 2023, Defendants filed their Response brief to Plaintiffs' Motion to Compel Arbitration. (ECF No. 38.) In Defendants' brief, they declined to address the motion and requested that the Court provide them a brief period to address the merits of Plaintiffs Motion if the Court were to find it has jurisdiction. (*Id.* at 2.)

Thereafter, the Parties submitted additional fillings, and Defendants again requested the Court to first rule on their motion prior to ruling on Plaintiffs' Motion to Compel. (ECF No. 33 at 2.) The Magistrate Judge directed Defendants to file a Motion to Stay if they intended to do so. (Text Order dated Oct. 18, 2023.) Defendants then filed a Motion to Stay Ruling on Plaintiffs' Motion to Compel. (ECF No. 53.) In their Motion to Stay, Defendants did not request additional time to address the merits of Plaintiffs' Motion to Compel. (*See* ECF No. 54.)

The Magistrate Judge granted Defendants Motion to Stay stating "the Court finds in its discretion that a stay on consideration of Plaintiffs' motion to compel arbitration until the jurisdictional motion is decided is most appropriate at this time. The Court finds that any jurisdictional issues should be resolved before considering the motion to compel arbitration."

2

(Text Order dated Jan. 11, 2024.)  On May 29, 2025, the Court denied Defendants Motion to Dismiss for Lack of Personal Jurisdiction.  (ECF No. 91.)  The Court is now addressing Plaintiffs' Motion to Compel Arbitration.  (ECF No. 31.)  The Court will first address Defendants "request" of additional time to address the merits of Plaintiffs' Motion.

## II. PRELIMINARY MATTER

Rule 83 of the Federal Rules of Civil Procedure provides that "a district court . . . may adopt and amend rules governing its practice."  Fed. R. Civ. P. 83(a)(1).  Such rules "have the force and effect of law and are binding upon the parties and the court which promulgated them."  *Jackson v. Beard*, 828 F.2d 1077, 1078 (4th Cir. 1987) (internal quotation marks omitted) (citation omitted).  The United States District Court for the Middle District of North Carolina has promulgated such rules which are featured prominently on its website.  Local Rule 7.3 provides that "[a] respondent, if opposing a motion, shall file a response brief, within 21 days after service of the motion."  L.R. 7.3(f).

The Local Rules also provide for extensions of time to "preform an act."  L.R. 6.1(a).  "All motions for an extension of time to preform an act required or allowed to be done within a specified time must comply with Fed. R. Civ. P. 6(b)."  *Id.*  While Defendants timely filed a Response brief to Plaintiffs' Motion, they did not file a formal Motion for Extension of Time to submit an additional Response brief addressing the merits of Plaintiff's Motion.  Instead, they requested a "brief period" only if the Court ruled against their Motion to Dismiss.  (ECF No. 38 at 2.)

To support their request for additional time to respond to the merits of Plaintiffs motion, Defendants cite to *Market Am., Inc. v. Chuanji Yang*, 1:17CV897, 2018 WL 3406865, at *12 (M.D.N.C. July 12, 2018).  In *Market Am*, the plaintiff filed a Petition to Compel

3

Arbitration which both parties fully briefed. *Id.* at *11. Prior to granting the Petition, the court allowed the parties to file additional motions or briefs "to the extent they believe that further proceedings are necessary or appropriate before the Court proceeds." *Id.* at *12. *Market Am* differs from the instant case as Defendants here did not respond to the merits of Plaintiffs' Motion, while Defendants in *Market Am* did. *Id.* at *3. Additionally, Defendants in this case are requesting additional time, while the court in *Market Am* allowed the parties additional time if they wished. *Id.* at *12.

Therefore, the Court will not allow Defendants additional time to respond to the merits of Plaintiffs' Motion and the Court will consider any arguments Defendants made in their Response brief in deciding Plaintiffs' Motion.

### III. DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, governs the rights and responsibilities of parties to an arbitration agreement. *See Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d 200, 204 (4th Cir. 2004). "The primary substantive provision of the FAA, § 2," expresses a strong policy in favor of arbitration: a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.* (quoting 9 U.S.C. § 2).

The Court will compel arbitration under the FAA if "(i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute in question falls within the scope of the arbitration agreement." *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 563 (4th Cir 2015) (citing *Muriithi v. Shuttle Express, Inc.*, 712 F.3d 173, 179 (4th Cir. 2013)). Accordingly, a party may obtain an order compelling arbitration and a stay of federal court proceedings if it can demonstrate:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [the opposing party] to arbitrate the dispute.

*Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005) (quoting *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500–01 (4th Cir. 2002) (additional citation omitted)); *see also* 9 U.S.C. §§ 3–4.

While Defendants did not address the merits of the Motion to Compel, the Court will nevertheless address each element. This Court finds that the first element is met as there is a dispute between the parties. Plaintiffs filed a Complaint alleging that Defendants charged interest rates on their car title loans that exceed the rate allowed by the North Carolina Consumer Finance Act, N.C. GEN. STAT. §§ 24-1.1, 53-164 to 191. (ECF No. 2 ¶¶ 22, 28.) Regarding the second element, it is undisputed that there is a written agreement between the parties that includes an arbitration provision covering the dispute. Defendants in their Answer admit that "each of the agreement(s) that exist between any Plaintiff and any Defendant contains an arbitration provision governing all claims Plaintiffs' purport to assert." (ECF No. 6 ¶ 62.)

Regarding the third element, the arbitration provisions here states, "this arbitration provision is made pursuant to a transaction involving interstate commerce." (ECF No. 31-1 at 10.) Lastly, there is a failure, neglect, or refusal to arbitrate as Defendants filed a Response objecting to Plaintiffs Motion to Compel Arbitration, therefore the fourth element is met. (*See* ECF No. 38 at 2.)

Although the "presumption in favor of arbitrability" is a "heavy" one, *see Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir. 1989), it is well-settled that

5

a party "cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit," *see Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 266 (4th Cir. 2011) (internal quotations omitted) (citations omitted).  In this vein, Section 4 of the FAA provides that "[i]f the making of the arbitration agreement . . . be in issue, the [district] court shall proceed summarily to . . . trial."  9 U.S.C. § 4.  If and when a district court becomes "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue," it "shall" order arbitration.  *Id.*

The Court finds that the making of the arbitration agreement between the parties is not "in issue."  *See id.*  Both parties agree that there is an arbitration provision in each loan agreement and neither party raises an issue with the making of the arbitration provision.  Thus, the Court finds that Plaintiffs have demonstrated that all elements have been met to grant their Motion to Compel Arbitration.

The Court finds that Plaintiffs' Motion to Compel Arbitration shall be granted, and that the suit shall be stayed.  The FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration."  9 U.S.C. § 3.  This stay-of-litigation provision is mandatory because "[t]he use of the word 'shall' created an obligation impervious to judicial discretion."  *Smith v. Spizzirri*, 144 S. Ct. 1173, 1177 (2024) (quotations in original) (citation omitted).

"When a district court finds that a lawsuit involved an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding."  *Id.* at 1178.  A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview.  *United States v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir. 2001).

6

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Arbitration and Stay Proceedings, (ECF No. 31), is **GRANTED**. Arbitration is compelled pursuant to 9 U.S.C. § 4 and this action is hereby **STAYED** pending the resolution of arbitration in accordance with the parties' arbitration agreements.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report of arbitration every ninety (90) days and notify the Court of any arbitration awards within seven (7) days after arbitration has concluded. Failure to file such reports may result in dismissal.

This, the 30th day of June 2025.

/s/ Loretta C. Biggs
Senior United States District Judge